IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW D. KOHUS, | : | Case No. 3:12-cv-324 |
| Plaintiff, | | |
| v. | : | DISTRICT JUDGE WALTER H. RICE |
| OHIO STATE HIGHWAY PATROL, et al., | | |
| | : | CHIEF MAGISTRATE JUDGE |
| Defendants. | | SHARON L. OVINGTON |

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART THE OBJECTIONS (DOC. #23) OF PLAINTIFF MATTHEW D. KOHUS TO THE REPORT AND RECOMMENDATIONS (DOC. #21) OF THE MAGISTRATE JUDGE; ADOPTING IN PART AND REJECTING IN PART SAID RECOMMENDATIONS (DOC. #21); SUSTAINING THE MOTION TO DISMISS (DOC. #6) OF DEFENDANT THE OHIO STATE TROOPERS ASSOCIATION, INC.; DISMISSING WITH PREJUDICE PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT FOUR) AND DISMISSING WITHOUT PREJUDICE ANY CLAIM ALLEGED UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT THE OHIO STATE TROOPERS ASSOCIATION, INC.; PLAINTIFF MAY MOVE THE COURT TO AMEND HIS COMPLAINT WITHIN TWENTY (20) DAYS IN ORDER TO PLEAD A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT THE OHIO STATE TROOPERS ASSOCIATION, INC.; ALL AMENDMENTS MUST TAKE INTO ACCOUNT THE STRICTURES OF RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

---

Plaintiff Matthew D. Kohus ("Plaintiff" or "Kohus") filed suit against Defendants the Ohio State Highway Patrol ("OSHP"), the Ohio Department of Public Safety ("ODPS"), the Ohio State Troopers Association, Inc. ("Union"), and various unnamed John Does (collectively, "Defendants"), alleging the following in

1

his Complaint (Doc. #1): a violation of the Rehabilitation Act of 1973 under 29 U.S.C. § 794 (Count One); a violation of the Americans with Disabilities Act ("ADA") under 42 U.S.C. § 12112(a) (Count Two); a violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e−2000e-17 (Count Three); and a state common law claim for breach of contract (Count Four). Plaintiff expressly names the Union as a defendant only in Count Four, the breach of contract claim.

Pending before the Court are the Union's Motion to Dismiss (Doc. #6), filed on March 8, 2013, and Kohus' Objections to the Report and Recommendations of the Magistrate Judge (Doc. #23). The Union has moved the Court to dismiss Kohus' breach of contract claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or, in the alternative, for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Union also seeks dismissal of any constitutional claims alleged against it that Plaintiff did not specifically enumerate, but that may be inferred generally from the factual allegations of the Complaint. Plaintiff filed a Response on April 30, 2013 (Doc. #12), defending his claims and requesting leave to amend the Complaint. The Union filed a Reply on May 16, 2013 (Doc. #14).

On September 26, 2013, Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations ("R&R"). Doc. #21. Therein, Judge Ovington concludes that the Court lacks jurisdiction over Plaintiff's breach of contract claim, and recommends dismissing it. Furthermore, she recommends dismissing any claim under 42 U.S.C. § 1983 against the Union because the allegations of the

2

Complaint do not plausibly describe the existence of a civil conspiracy between the Union and the state actors. She also recommends denying Plaintiff's request to amend the Complaint on the grounds of futility.

Plaintiff filed Objections to the R&R on October 16, 2013. Doc. #23. The Union filed a Memorandum in Opposition to Plaintiff's Objections on November 12, 2013. Doc. #29. The Union agrees with the R&R and urges the Court to overrule Plaintiff's Objections.

Based upon the reasoning and citations set forth in the R&R, as well as upon a thorough *de novo* review of the parties' memoranda and the applicable law, this Court adopts in part and rejects in part the recommendations therein, as explained in its analysis and rulings below. As a prefatory matter, the Court notes that in four pages, the Magistrate Judge succinctly summarized the allegations set forth in the 221 paragraphs of Plaintiff's Complaint. Doc. #21 at 2-6. The Court compared the summary to the Complaint and finds it an accurate representation of Plaintiff's allegations.

## I.  Plaintiff's Breach of Contract Claim (Count Four)

The Union argues that Plaintiff's breach of contract claim, Count Four of his Complaint, must be dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over the claim. Doc. #6 at 8-11. Judge Ovington's R&R agrees with the Union, stating that Plaintiff's breach of contract

claim is governed by Ohio Revised Code §4117, which grants exclusive jurisdiction to Ohio's State Employment Relations Board ("SERB") over disputes arising from a collective bargaining agreement ("CBA") between a state employer and employee. Judge Ovington concludes that SERB, not the Court, has jurisdiction over Plaintiff's breach of contract claim against the Union, and recommends granting the Union's motion and dismissing said claim.

Plaintiff's Objections do not directly address the issue of the Court's subject matter jurisdiction over his breach of contract claim. The first several pages of his memorandum argue that a May 20, 2008, agreement entitled "Designation of Representative of Trooper Matthew Kohus (OHSP Unit #1867)" (hereinafter, "Designation Agreement"), is the pivotal contractual agreement at issue, and not the CBA. Doc. #23 at 2-4. Plaintiff argues that the Designation Agreement "redefines the relationship" between himself and the Union by "creating substantive due process rights both with the Employer and with the Union," namely, "the right of self-representation or choice of counsel in all proceedings."[1] *Id.* at 3. Plaintiff also asserts that the Designation Agreement only allows the Union to represent its members as a whole while restricting it from representing Plaintiff "on the merits of any of his grievances." *Id.* at 3-4.

---

[1] Plaintiff does not explain how a contract or an agreement between himself and the Union might create such rights, as "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985).

4

Plaintiff's interpretation of the Designation Agreement does not, however, address the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over his breach of contract claim. The Court can only speculate that Plaintiff's focus on the Designation Agreement may be motivated by the (mistaken) belief that a breach arising from that agreement falls outside SERB's exclusive jurisdiction over unfair labor practices, simply because that agreement is not the CBA itself. Plaintiff nowhere explicitly states the foregoing proposition, but it is the only possible argument applicable to the jurisdictional issue that can be inferred from his emphasis on the Designation Agreement and his allegation that the Union violated it by "taking over his representation at the arbitration" of his grievances and failing to arbitrate thirteen of them. Doc. #23 at 5.

However, neither the language of the Designation Agreement nor its alleged breach by the Union can override the jurisdictional requirements of Ohio Revised Code §4117, which provides "a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *State ex rel. Cleveland v. Sutula*, 937 N.E.2d 88 (Ohio 2010) (quoting *Franklin Cty. Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9* (572 N.E.2d 87 (Ohio 1991)). According to the Ohio Supreme Court, Section 4117.12(A) grants SERB "exclusive jurisdiction" over unfair labor practices described in Chapter 4117.11, including conduct that a party first challenges by filing suit in a trial court. *Id.*; *see also Franklin Cty. Law Enforcement Ass'n*, 572

5

N.E.2d at 88 (holding, at Paragraph 2 of the syllabus, that "if a party asserts claims that arise from or depend on the collective bargaining rights created by Chapter 4117, the remedies provided in that chapter are exclusive").

SERB's jurisdiction does not arise due the existence of a CBA; rather, it arises because an employer or union engaged in conduct described as unfair labor practice under Chapter 4117.11(B) of the Ohio Revised Code. *See Sutula*, 937 N.E.2d at 93-94 (granting writ prohibiting trial court from exercising jurisdiction over dispute between city and union because union's allegations that city refused to recognize existence of a CBA fell under conduct described in Chapter 4117, not the provisions of the CBA). Thus, for jurisdictional purposes, it is not material whether Plaintiff's allegations concern a breach of the Designation Agreement or a breach of the CBA. Rather, the issue is whether Plaintiff's allegations concerning the Union describe a failure to perform a duty or enforce a right covered by Chapter 4117. If so, SERB has exclusive jurisdiction to provide the remedy.

Here, as the Magistrate Judge correctly stated, Plaintiff's breach of contract claim essentially alleges that the Union "failed to fairly and adequately represent him," and it therefore describes an unfair labor practice that falls within the scope of Chapter 4117. Subchapter 4117(B)(6) equates a union's failure to fairly represent its public employee members with an unfair labor practice. Under Ohio law, a union's failure to prosecute a public employee member's grievances is unquestionably an unfair labor practice that falls within the scope of activities prohibited by Chapter 4117.11(B). *E.g., State ex rel. Ramsdell v. Washington*

6

*Local Sch. Bd.*, 556 N.E. 2d 197 (Ohio Ct. App. 1988) (rejecting plaintiff's argument that "wrongful refusal" to process her grievance gave trial court jurisdiction over her claim and observing that "since the passage of Chapter 4117, a common pleas court may no longer obtain jurisdiction over a case such as the one at bar merely because the plaintiff alleges that the union wrongfully refused to process a grievance"); *Waiters v. Lavelle*, 2011-Ohio-116, 2011 WL 242797 (Ohio Ct. App. Jan. 13, 2011) (citing *Ramsdell* and holding that a union's mishandling of the plaintiff's grievance process was within the exclusive jurisdiction of SERB). Plaintiff's allegations that the Union failed to process the majority of his grievances or that it "took over" his representation during the one grievance that led to arbitration are, under *Ramsdell* and *Waiters*, allegations of unfair labor practices over which this Court has no subject matter jurisdiction.

Accordingly, the Court OVERRULES Plaintiff's Objection to the Magistrate Judge's Recommendation that the Court dismiss his breach of contract claim against the Union. The Court adopts said Recommendation and SUSTAINS the Union's Motion to Dismiss with respect to said claim.

Because the Court lacks subject matter jurisdiction over a claim alleging unfair labor practices under Chapter 4117 of the Ohio Revised Code, the Court

7

DISMISSES WITH PREJUDICE Plaintiff's Breach of Contract claim (Count Four) against the Union.[2]

## II. Plaintiff's Constitutional Claims against the Union under 42 U.S.C. § 1983

The R&R also addresses the Union's argument that because the Union is not a state actor and did not act under the color of state law, any allegations of constitutional violations under 42 U.S.C. § 1983 against it must fail under Fed. R. Civ. P. 12(b)(6). After "liberally construing" all inferences drawn from the allegations of the Complaint in Plaintiff's favor, Judge Ovington agrees with the Union, and recommends dismissing any constitutional claims against the Union. Doc. #21 at 12-15. Her analysis points out that Plaintiff does not expressly raise a claim of conspiracy by Defendants to violate his rights in any count set forth in his Complaint; Plaintiff mainly describes factual allegations that concern acts and omissions of OSHP and ODPS, not the Union; and Plaintiff's allegations that all the Defendants coerced him to sign an agreement to extend his probationary period and refused to process thirteen of his grievances only allege "similar action," not the necessary "plan or agreement" material to a civil conspiracy claim. *Id.* Furthermore, Judge Ovington finds that Plaintiff's allegation of fraudulent inducement is too conclusory and devoid of facts to be legally sufficient. *Id.* at 13. Thus, she recommends granting the Union's Motion to Dismiss with regards to any

---

[2] Because the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim against the Union, it will not address the Union's argument that Plaintiff is bound to arbitrate that claim.

8

constitutional claims Plaintiff alleges against it. *Id.* at 14. Finally, she recommends denying Plaintiff's request to amend the Complaint because he fails to demonstrate that, after amendment, his claims would withstand another motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* at 14-15.

Plaintiff objects to the foregoing conclusions and recommendations. Doc. #23. He identifies specific paragraphs of the Complaint that he believes sufficiently allege a civil conspiracy among Defendants. *Id.* at 11-13. Plaintiff also identifies allegations that he believes demonstrate that the Union was, in fact, acting under color of state law when he was discharged. *Id.* at 14-15. Plaintiff concludes by stating that he is "preparing to move" the Court for leave to file an Amended Complaint. *Id.* at 17.

The Court initially notes that no count of Plaintiff's Complaint expressly states any claim under 42 U.S.C. § 1983 against the Union. The Union identifies several paragraphs of Plaintiff's Complaint that "contain[] some scattered constitutional-deprivation allegations generally alleged against all Defendants." Doc. #6. As the Union points out, <u>none</u> of those paragraphs directs allegations of constitutional misconduct against it in particular. A close reading of those paragraphs reveals that when Plaintiff alleges constitutional violations in a sentence that expressly names all Defendants ("OSHP, ODPS and UNION officials"), Plaintiff also alleges violations of the CBA, apparently to support the the breach of contract claim in Count Four, the only claim expressly directed at the Union. Doc. #1 ¶¶ 76, 87. Furthermore, the Union points to allegations of due

9

process violations that Plaintiff expressly makes only against OSHP and ODPS. *Id.* ¶ 158. Thus, based on the current content of the Complaint, there is practically no basis to infer that the allegations purport to state a claim against the Union under 42 U.S.C. § 1983.

Nevertheless, in his Objections, Plaintiff argues that some of his claims do arise under 42 U.S.C. § 1983. Doc. #23 at 1. Thus, although the Complaint contains scant evidence of such claims, Plaintiff must believe there is a factual basis for alleging them. The deficiency may stem from inartful pleading, due to Plaintiff's initial *pro se* status at the time he filed the Complaint. He has now, however, retained counsel, and for this reason, the Court believes that he should, at the very least, be allowed to present his arguments for amending the Complaint, in spite of the Magistrate Judge's determination that such amendment would be futile. His Objections state three times that he is "preparing" to move the Court for leave to amend. Because Plaintiff is preparing legal arguments to support a motion for leave amend the Complaint, the Court believes that it would ill-serve the ends of judicial efficiency to scour the 221 paragraphs of the Complaint in its current form for suggestions of constitutional violations against the Union. To the extent that any such claims exist within the Complaint in its present form, the Court will therefore, DISMISS any such claims without prejudice. Plaintiff may move for leave to amend the Complaint under Fed. R. Civ. P. 15(a)(2) within twenty (20) days from date, bearing in mind the burden that he bears to show that any claim he seeks to state against the Union under 42 U.S.C. § 1983 would not

be vulnerable to dismissal under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (stating that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss").

Thus, the Court will ADOPT the Magistrate Judge's Recommendation to dismiss without prejudice any constitutional claim the Complaint purportedly states against the Union, thereby SUSTAINING the Union's Motion to Dismiss (Doc. #6). The Court OVERRULES Plaintiff's Objections to the R&R that he directs against the dismissal of said claims. However, the Court REJECTS the Recommendation to categorically deny Plaintiff's request to amend, as he has not formally moved the Court for leave to do so under Fed. R. Civ. P. 15(a)(2). Now that has the assistance of counsel, Plaintiff may move the Court for leave to amend the Complaint, but he must show that amendment would not be futile. As stated previously, any motion Plaintiff brings under Fed. R. Civ. P. 15(a)(2) must be made within twenty (20) days from date. Finally, any amendments that Plaintiff wishes to make must comply with the strictures of Rule 11 of the Federal Rules of Civil Procedure.

Date: January 2, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE