UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW D. KOHUS,

    Plaintiff,

vs.

OHIO STATE HIGHWAY PATROL, *et al.*,

    Defendants.

Case No. 3:12-cv-324

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**DECISION AND ENTRY: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY PURSUANT TO RULE 56(d); (2) ORDERING THAT DEFENDANTS PROVIDE DOCUMENTS BATES STAMPED 1-2218 TO PLAINTIFF FORTHWITH; AND (3) ORDERING THAT TROOPER POHLABEL'S DEPOSITION BE TAKEN WITHIN THIRTY DAYS FROM THE ENTRY OF THIS ORDER AND THAT DEFENDANTS MAKE HIM AVAILABLE**

---

This civil case is before the Court on Plaintiff's motion for further discovery pursuant to Fed. R. Civ. P. 56(d).[1] *See* docs. 118, 121. Defendants the Ohio State Highway Patrol, Ohio Department of Public Safety, Jeremy T. Landis, Charles J. Linek, III, Jon T. Payer, Chad J. Neal, Daniel E. Kolcum and Paul R. Weber (hereinafter collectively referred to as the "State Defendants") oppose Plaintiff's request. Doc. 124. On September 3, 2015, the Court held a hearing by telephone on Plaintiff's Rule 56(d) motion. Attorneys Erica Probst, Sloan Spalding, Ryan Walters, and Tyler Tarney participated. The Court heard extensive argument from all counsel. The Court has carefully considered the parties' written and oral arguments and Plaintiff's Rule 56(d) motion is ripe for decision.

---

[1] Notably, the discovery period in this case ended on May 26, 2015, *see* doc. 75 at PageID 1008, and Defendants filed motions for summary judgment in mid-June 2015. *See* docs. 98, 108. In addition to filing the Rule 56(d) motion, Plaintiff also filed a memorandum in opposition to the motion for summary judgment filed by the State Defendants. Doc. 117. Plaintiff did not oppose the motion for summary judgment filed by Defendants the Ohio State Trooper Association ("OSTA") and Larry Phillips (hereinafter collectively referred to as the "OSTA Defendants"). Plaintiff has since stipulated to dismissing all claims against the OSTA Defendants. *See* doc. 125.

Plaintiff requests that the Court: (1) allow Plaintiff to depose Trooper Pohlabel;[2] (2) order Defendants to supplement responses to interrogatories; and (3) direct Defendants to provide documents bates stamped 1-2218.  *See* doc. 121-1 at PageID 3194-96.  During the hearing on Plaintiff's motion, counsel for the State Defendants agreed to provide another electronic set of documents bates stamped 1-2218 to Plaintiff and the Court **ORDERS** that the State Defendants do so forthwith.  Accordingly, the remaining dispute concerns Plaintiff's request: (1) to depose Trooper Pohlabel; and (2) for Defendants to provide complete responses to Plaintiff's interrogatory requests.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In deciding a Rule 56(d) motion, the Court must consider "[a] number of different factors," including:

> (1) when the [plaintiff] learned of the issue that is the subject of the desired discovery[;] (2) whether the desired discovery would . . . change[] the ruling[;]  (3) how long the discovery period ha[s] lasted[;] (4) whether the [plaintiff] was dilatory in [his] discovery efforts[;] and (5) whether the [defendants] [were] responsive to discovery requests[.]

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995) (internal citations omitted).

Here, a number of the *Plott* factors favor denial of Plaintiff's motion.  As the Court previously noted, the initial Preliminary Pretrial Conference Order was issued on June 19, 2013 -- *i.e.*, over two years ago -- setting an original discovery deadline of February 24, 2014.  Doc. 16 at PageID 302; doc. 75 at PageID 1007.  The Court subsequently issued an Amended Preliminary Pretrial Conference Order on April 16, 2014 -- *i.e.*, over a year ago -- requiring the

---

[2] The parties do not identify Trooper Pohlabel's first name.

parties to complete discovery on or before January 13, 2015. Doc. 46 at PageID 724; doc. 75 at PageID 1007. The discovery deadline was, thereafter, extended two additional times, with the final discovery deadline being May 26, 2015. *See* doc. 75 at PageID 1007-08. Thus, the discovery period in this case has been significant. *See* docs. 16, 75. Plaintiff, however, waited until approximately April 2015, *i.e.*, a month before the close of discovery to begin seeking any discovery. *See* doc. 75 at PageID 1008 (noting that the Court was "troubled by Plaintiff's failure to seek discovery until a month before the discovery deadline").

The Court does note, however, Plaintiff's difficulties in prosecuting this case. After filing his original complaint *pro se*, *see* doc. 1 at PageID 1, Plaintiff retained counsel who entered an appearance on Plaintiff's behalf on April 1, 2013. Doc. 9 at PageID 248. Subsequently, Plaintiff's retained counsel was suspended from the practice of law in Ohio and, as a result, was also suspended from the practice of law in this Court. *See Dayton Bar Ass'n v. Scaccia*, 21 N.E.3d 290, 296-97 (Ohio 2014); *In re Scaccia*, No. 1:14-mc-48 (S.D. Ohio Dec. 2, 2014). Thereafter, pursuant to this Court's Notation Order dated October 13, 2014, Plaintiff again was *pro se* in this case until the recent appearance of counsel on May 15, 2015. Doc. 80. Thus, Plaintiff's dilatory discovery efforts are somewhat mitigated by the fact that he has not had the continuity of counsel throughout this case.

With regard to the adequacy of Defendants' discovery responses, Plaintiff merely states that "Defendant's responses to [i]nterrogatories were not complete and contained improper objections." Doc. 121 at PageID 319. Plaintiff fails to point to any specific interrogatory response or objection in his motion, and cites no legal authority in support of his conclusory contention. *Id.* During the hearing held on September 3, 2015, Plaintiff's counsel pointed to

3

Defendants' response to interrogatory 2 and 3 but, again, offered no argument concerning the propriety of Defendants' objections.

Based on all of the foregoing, the Court **DENIES** Plaintiff's motion as it relates to interrogatory responses. Although sufficient grounds exist to deny Plaintiff's motion at it relates to Trooper Pohlabel, in the interest of justice, the Court **GRANTS** Plaintiff's motion in that regard and **ORDERS** that such deposition be taken within the next 30 days. The Court also **ORDERS** that the State Defendants assist in making Trooper Pohlabel available for deposition. A supplemental briefing schedule will be set by Judge Rice by separate order.

**IT IS SO ORDERED.**

Date:   September 10, 2015                           *s/ Michael J. Newman*
                                                    Michael J. Newman
                                                    United States Magistrate Judge